IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

YASSER GABER ABOU EL HADIED )
MOHAMED ALI, )
 )
      Plaintiff, )
 )
v. ) Civil Action No. 1:12-cv-560
 )
RONALD D. COLEMAN, et al., )
 )
      Defendants. )

**MEMORANDUM OPINION**

This matter comes before the Court on Defendants' Motion to Dismiss Counts III and IV of the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff, Yasser Gaber Abou El Hadied Mohamed Ali's ("Plaintiff") Amended Complaint was filed against Defendants Ronald D'Emory Coleman, Esq., Tysons Law Group, PLLC, Vienna Law Group, P.C., and Jad Sarsour (collectively, "Defendants") for the actions of a former Vienna Law Group employee named Michael Oveysi ("Oveysi"). This action arose when Plaintiff retained Vienna Law Group ("VLG") for immigration related services concerning an application under the EB-5 investment program of the United States Citizenship and Immigration Services. Oveysi worked at Vienna Law Group under Ronald D'Emory Coleman's supervision until 2011 when both left VLG and went to work for Tysons Law Group, PLLC. In May 2011, Oveysi allegedly advised

1

Plaintiff to transfer funds for his EB-5 investment and legal fees totaling $566,000 to a TD Bank account controlled by Oveysi. It is alleged that Oveysi subsequently absconded with the money in that account. Plaintiff takes issue with the fact that Oveysi was allegedly not subjected to a background investigation prior to his employment with VLG when Oveysi and his family had several unsatisfied judgments against them, that Jad Sarsour and VLG knew or should have known about Oveysi's financial problems prior to the formation of VLG, and that hiring Oveysi and allowing him to work with clients and access firm monies was the cause of damage to the Plaintiff.

Defendants VLG and Jad Sarsour ("Sarsour") move this Court to dismiss Counts III and IV of the Amended Complaint. Count III alleges vicarious liability for Oveysi's negligence resulting in damage to the Plaintiff of approximately $1,200,000. Count IV alleges negligent hiring, retention and supervision of Oveysi. The other counts of the Amended Complaint not at issue here include: Count I alleging breach of contract – malpractice, Count II alleging negligence, and Count V alleging breach of fiduciary duty.

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth "a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 556. Factual allegations, although assumed to be true, must still "be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While the Court must construe the complaint in the plaintiff's favor, accepting all factual allegations and inferences as true, the complaint must assert more than bare legal conclusions. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Taubman Realty Grp. L.P. v. Mineta, 320 F.3d 475, 479 (4th Cir. 2003).

Plaintiff fails to state a cause of action in Count III for vicarious liability for Oveysi's negligence. Various courts in Virginia have held that vicarious liability is not a separate cause of action in Virginia, but rather, a theory of liability. It is well-settled that the purpose of pleading is to facilitate a proper decision on the merits, not to multiply the causes of action. United States v. Hougham, 364 U.S. 310, 317 (1960)(internal citations omitted). Plaintiff retains the theory of vicarious liability in another claim in the Amended Complaint. Therefore, Plaintiff's separate claim for vicarious liability in Count III is improper and should be dismissed.

3

As to count IV of the Amended Complaint, Plaintiff fails to state a claim for negligent hiring, retention, and supervision.

The tort of negligent hiring is a recognized tort in Virginia. See J. v. Victory Tabernacle Baptist Church, 236 Va. 206, 208, 372 S.E.2d 391, 393 (1988). However, an employer is liable for the tort of negligent hiring only if he hires an employee who poses "an unreasonable risk of harm to others." Se. Apartments Mgmt., Inc. v. Jackman, 257 Va. 256, 260, 513 S.E.2d 395, 397 (1999). The test is whether the employer has negligently placed an unfit person in an employment situation involving an unreasonable risk of harm to others. Victory Tabernacle, 236 Va. at 211, 372 S.E.2d at 394. The Supreme Court of Virginia has further explained, when an employer fails to exercise reasonable care in placing an individual with known propensities, or propensities that should have been discovered by reasonable investigation, in an employment position in which it should have been foreseeable that the hired individual posed a threat of injury to others, they are liable for negligent hiring. See Interim Pers. of Cent. Va., Inc. v. Messer, 263 Va. 435, 440, 559 S.E.2d 704, 707 (2002). More importantly, "proof of the failure to investigate a potential employee's background is not sufficient to establish an employer's liability for negligent hiring." Id.

The Supreme Court of Virginia has not decided whether financial injury alone can support a claim for negligent hiring. However, multiple courts including the Fourth Circuit and the Virginia Supreme Court have noted that 'an unreasonable risk of harm' requires the threat of serious and significant physical injury. See e.g. Wolf v. Fauquier Cnty. Bd. Of Supervisors, 555 F.3d 311, 320 (4th Cir. 2009); Davis v. Merrill, 133 Va. 69, 112 S.E. 628 (Va. 1922). The Virginia Supreme Court cases upholding a cause of action for negligent hiring involved physical injuries. See Victory Tabernacle, 236 Va. 206, 372 S.E.2d 391. Because here, as in Wolf, there is no allegation that Plaintiff suffered any physical harm as a result of the decision to hire Oveysi, or that there was any reason to think hiring Oveysi would create a risk of physical harm to anyone, this claim should be dismissed. Plaintiff has only alleged that he suffered monetary damages, not physical damages. None of the facts alleged in the Amended Complaint indicate that Defendants knew, or should have known, that Oveysi posed an "unreasonable risk of harm to others." Oveysi's personal financial problems do not rise to this level.

Plaintiff also fails to state a cause of action for negligent retention. Recognized in Virginia, this cause of action is based upon the principle that an employer is subject to liability from harm resulting from an employee's negligence

5

in retaining a dangerous employee who the employer knew or should have known was dangerous and likely to harm. Jackman, 257 Va. at 260-61, 513 S.E.2d at 397; Blair v. Defender Servs., 386 F.3d 623, 629 (4th Cir. 2004). There is no evidence or allegations that Defendants knew or should have known Oveysi was dangerous and likely to harm. At no time during Oveysi's employment did Defendants discovery that he mishandled client monies or directed clients to transfer money into non-firm accounts. Similar to the analysis above, the use of the language "dangerous employee...likely to harm" others in Southeast Apartments, supra, convinces this Court that physical injury is a necessary element of negligent retention as well. Plaintiff does not allege any physical harm, therefore Plaintiff fails to state a claim.

Regarding negligent supervision, the Supreme Court of Virginia has found that negligent supervision is not a recognized cause of action in Virginia. Chesapeake & Potomac Tel. Co. of Virginia v. Dowdy, 235 Va. 55, 61, 365 S.E.2d 751, 754 (1988). Although Plaintiff argues that this case is distinguishable from Dowdy and that Dowdy does not completely foreclose a court from finding circumstances on which a tort for negligent supervision could conceivably be recognized, this Court disagrees. In light of Dowdy, the Fourth Circuit and several district courts in the Fourth Circuit have adopted this

view. As such, Plaintiff's claim of negligent supervision fails as a matter of law. For the foregoing reasons, Defendants' Motion to Dismiss Counts III and IV of the Amended Complaint should be granted. An appropriate Order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
August  6 , 2013